IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSEPH ALESIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| JAMIE RHEE, in her official capacity as Commissioner of the Department of Aviation; WILLIAM LONERGAN, in his individual capacity; PHYLLINIS EASTER, in her individual capacity; ARGENTENE HRYSIKOS, in her individual capacity; the CITY OF CHICAGO, as a municipal corporation and as an indemnitor, HECTOR HERNANDEZ, in his individual capacity; and CHARLES TERMINI, in his individual capacity, | ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 19-cv-7576

## COMPLAINT

NOW COMES Plaintiff, Joseph Alesia, by and through his counsel, Antonio L. Jeffrey of Jeffrey Law Office, LLC and complains of Defendants JAMIE RHEE, in her official capacity as Commissioner of the Department of Aviation, WILLIAM LONERGAN, in his individual capacity, PHYLLINIS EASTER, in her individual capacity, ARGENTENE HRYSIKOS, in her individual capacity, the CITY OF CHICAGO, as a municipal corporation and as an indemnitor, HECTOR HERNANDEZ, in his individual capacity, and CHARLES TERMINI, in his individual capacity, and states as follows:

### JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all triable issues.

### JURISDICTION & VENUE

1. This action is brought under The Family and Medical Leave Act, 29 U.S.C. §2617(a)(2) and 28 U.S.C. § 1331. This Court has jurisdiction of the state law Defamation claim pursuant to 28 U.S.C. §1367 under

1

the principles of supplemental jurisdiction, and such claim so relates to the federal claims as to form a part of the same case and controversy.

2. Venue is proper in this Court under 28 U.S.C. § 1391, as Defendants have their principal places of operation in this District, Plaintiff and, on belief, all Defendants reside and are domiciled in this District, all of the events or omissions giving rise to these claims occurred in this District, and Plaintiff was hired and continues to be employed by Defendant, CITY OF CHICAGO, in this District.

**PARTIES**

3. Plaintiff, JOSEPH ALESIA, is and was at all times relevant to this Complaint an adult male resident of Cook County and the City of Chicago, Illinois. At all times relevant, Plaintiff has been employed by Defendant CITY OF CHICAGO, within the Department of Aviation. Plaintiff was harmed by Defendants in this District.

4. Defendant CITY OF CHICAGO is a municipal corporation under the laws of the State of Illinois. It has obligations as an indemnitor of conduct of its employees and officers under at least 745 ILCS 10/2-301, *et seq.* and 745 ILCS 10/9-101, *et seq*. Defendant harmed Plaintiff in Cook County, Chicago, Illinois.

5. Defendant JAMIE RHEE is the Commissioner of the Department of Aviation, Chicago, Illinois. She is sued in her official capacity. Defendant RHEE harmed Plaintiff in Cook County, Chicago, Illinois.

6. Defendant WILLIAM LONERGAN is an employee of the City of Chicago holding the position of Deputy Commissioner of Airline Relations, within the Department of Aviation. Has been Plaintiff's immediate supervisor since April 2019. He is sued in his individual capacity. Defendant LONERGAN harmed Plaintiff in Cook County, Chicago, Illinois.

7. Defendant PHYLLINIS EASTER is an employee of the City of Chicago and at all times relevant holding the position of Deputy Commissioner of Human Resources, within the Department of Aviation. She is sued in her individual capacity. Defendant EASTER harmed Plaintiff in Cook County, Chicago, Illinois.

8. Defendant ARGENTENE HRYSIKOS is an employee of the City of Chicago and at all times relevant holding the position of Director of Administration, within the Department of Aviation. She is sued in her individual capacity. Defendant HRYSIKOS harmed Plaintiff in Cook County, Chicago, Illinois.

9. Defendant HECTOR HERNANDEZ is an adult male resident of Cook County and the City of Chicago, Illinois. At all times relevant, Defendant HERNANDEZ has been employed by the City of Chicago within the Department of Aviation as a Motor Truck Driver. Defendant HERNANDEZ harmed Plaintiff in Cook County, Chicago, Illinois.

10. Defendant CHARLES TERMINI is an adult male resident of Cook County and the City of Chicago, Illinois. At all times relevant, Defendant TERMINI has been employed by the City of Chicago within the Department of Aviation as a Motor Truck Driver. Defendant TERMINI harmed Plaintiff in Cook County, Chicago, Illinois.

**UNDERLYING FACTS COMMON TO ALL COUNTS**

11. As early as August of 2017, Plaintiff reported specific and formal internal complaints regarding the improper actions of then Department of Aviation Deputy Commissioner of Vehicle Services William Helm to the then Deputy Commissioner of Human Resources, Robnyece Scott. However, no action was taken.

12. Plaintiff's concerns regarding William Helm's improper conduct were subsequently reported to the City of Chicago Office of Inspector General.

13. Plaintiff also met with the Federal Bureau of Investigation regarding the improper conduct of William Helm.

14. No disciplinary action was taken regarding William Helm and the complaints made against him by Plaintiff.

15. On November 17, 2018, Hector Hernandez and Charles Termini (now named as Defendants in this Complaint), filed a lawsuit before this Court naming Plaintiff, Joseph Alesia, the City of Chicago, William Helm, Jamie Rhee, and another City of Chicago employee Kevin Martin as Defendants, alleging political discrimination and retaliation, deprivation of First and Fourteenth Amendment Rights, and Violation of Illinois' Whistleblower Act for Disclosures and Refusals. *See* Hernandez v. City of Chicago, et. al, Case No: 1:18-cv-07647.

16. The allegations in the suit filed by Hector Hernandez and Charles Termini arose from the improper actions of William Helm, about which Plaintiff had previously and appropriately reported to and/or discussed with

3

the Department of Aviation Human Resources Office, the City of Chicago Office of Inspector General, and the Federal Bureau of Investigations.

17. Nevertheless, rightfully so and on August 5, 2019, Hector Hernandez and Charles Termini voluntarily dismissed Plaintiff as a Defendant in that suit.

18. In the meantime, Plaintiff requested intermittent leave pursuant to the Family and Medical Leave Act ("FMLA"), which was granted.

19. However, as a result of exercising his right to file for FMLA, Plaintiff has and continues to be subjected to retaliation and harassment.

## COUNT I — FEDERAL AND MEDICAL LEAVE ACT VIOLATIONS / RETALIATION
**(Defendants City of Chicago, Jamie Rhee, William Lonergan, Phyllinis Easter and Argentene Hrysikos)**

20. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

21. Defendant CITY OF CHICAGO is a covered employer as defined by the FMLA. 29 U.S.C. §2611(4)(A)(i).

22. Plaintiff has been a full-time employee of Defendant CITY OF CHICAGO in its Department of Aviation since 2012, and is an eligible employee as defined by the Act. 29 U.S.C. §2611(2)(A).

23. In approximately February 2019, Plaintiff applied for intermittent FMLA leave, which was granted.

24. However, since taking intermittent leave, Plaintiff has been subjected to retaliation and harassment by Defendants.

25. Defendants repeatedly questioned Plaintiff about his FMLA status; falsely claimed Plaintiff's FMLA leave exceeded the frequencies for which he was approved; demanded recertification of his health condition; and threatened the denial of his FMLA leave.

26. Defendant WILLIAM LONERGAN had discussions with other employees, including William Helm and terminal managers, creating false narratives as to why Plaintiff was on FMLA leave.

27. Defendants have threatened Plaintiff with pre-disciplinary proceedings.

28. Defendants have excluded Plaintiff from meetings and communications of which he had normally been involved.

29. After having his assigned City vehicle for five years, Plaintiff had his vehicle taken by Defendant LONERGAN.

30. Defendants stripped Plaintiff of his duty to receive and approve requests for time off from managers (employees who reported directly to Plaintiff).

31. Defendants have removed Plaintiff from his role as Interim Director of Planning & Development and returned to the position of Airport Manager of Vehicle Service. The Director of Planning & Development job was then given to a subordinate of Plaintiff who does not meet the minimum job qualifications as set out on the Defendant CITY OF CHICAGO's job description, including having at least seven (7) years experience in airport management.

32. By the conduct described above, Defendants and their agents intentionally interfered with and retaliated against Plaintiff in violation of the Federal and Medical Leave Act.

33. As a result of the unlawful and willful acts complained of herein, Plaintiff has suffered economic and non-economic damages, including but not limited to emotional distress, humiliation, anguish and outrage.

WHEREFORE, Plaintiff, JOSEPH ALESIA, respectfully requests that this Court enter judgment in his favor and against Defendants, and order the following affirmative and other relief: (1) enjoin Defendants from engaging in acts of retaliation against Plaintiff; (2) pay Plaintiff compensatory damages, sustained as a result of the violations, in excess of the jurisdictional amount; (3) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (4) order such other relief as this Court deems just and proper.

### COUNT II – NEGLIGENT RETENTION OF WILLIAM HELM
**(Defendants City of Chicago, Jamie Rhee, William Lonergan, Phyllinis Easter and Argentene Hrysikos)**

34. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

35. In his official capacity as an employee of Defendant CITY OF CHICAGO, then Department of Aviation Deputy Commissioner of Vehicle Services William Helm participated in improper conduct and actions, which became known to employees in the Aviation Department and the City of Chicago Office of Inspector General.

36. As early as August of 2017, Plaintiff reported specific and formal internal complaints regarding the improper actions of then Department of Aviation Deputy Commissioner of Vehicle Services William Helm to the then Deputy Commissioner of Human Resources, Robnyece Scott. However, no action was taken.

37. Plaintiff's concerns regarding William Helm's improper conduct were subsequently reported to the City of Chicago Office of Inspector General.

38. Plaintiff also met with the Federal Bureau of Investigation regarding the improper conduct of William Helm.

39. Although the Defendants were fully aware of the improper actions of William Helm, no disciplinary action was taken regarding Mr. Helm; he was allowed to maintain his employment with the City of Chicago.

40. On November 17, 2018, Hector Hernandez and Charles Termini (now named as Defendants in this Complaint), filed a lawsuit before this Court naming Plaintiff, Joseph Alesia, the City of Chicago, William Helm, Jamie Rhee, and another City of Chicago employee Kevin Martin as Defendants, alleging political discrimination and retaliation, deprivation of First and Fourteenth Amendment Rights, and Violation of Illinois' Whistleblower Act for Disclosures and Refusals. *See* Hernandez v. City of Chicago, et. al, Case No: 1:18-cv-07647.

41. The allegations in the suit filed by Hector Hernandez and Charles Termini arose from the improper actions of William Helm, about which Plaintiff had previously and appropriately reported to and/or discussed with the Department of Aviation Human Resources Office, the City of Chicago Office of Inspector General, and the Federal Bureau of Investigations.

42. Although Plaintiff was ultimately dismissed from the suit filed by Hector Hernandez and Charles Termini, Plaintiff had already suffered damage, including damage to his personal and business reputation, due to the allegations contained in the lawsuit and the exposure of the same to the general public. General searches of Plaintiff's name yields the false allegations made against Plaintiff in that lawsuit.

6

WHEREFORE, Plaintiff, JOSEPH ALESIA, respectfully requests that this Court enter judgment in his favor and against Defendants, and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, and compensatory damages, including emotional distress, in excess of the jurisdictional amount; (2) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (3) order such other relief as this Court deems just and proper.

## COUNT III – DEFAMATION
### (Defendants Hector Hernandez and Charles Termini)

43. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

44. On November 17, 2018, Hector Hernandez and Charles Termini filed a lawsuit before this Court naming Plaintiff, Joseph Alesia, the City of Chicago, William Helm, Jamie Rhee, and another City of Chicago employee Kevin Martin as Defendants.

45. In their lawsuit, Defendants made false and defamatory claims against Plaintiff, alleging political discrimination and retaliation, deprivation of First and Fourteenth Amendment Rights, and Violation of Illinois' Whistleblower Act for Disclosures and Refusals. *See* <u>Hernandez v. City of Chicago, et. al</u>, Case No: 1:18-cv-07647.

46. In addition to making the false and defamatory claims in their lawsuit, Defendants made such claims, before and after the lawsuit was filed, to other employees in and around the job site at the Department of Aviation; Defendants also talked about discussing the claims with news media outlets.

47. Defendants made the defamatory allegations with knowledge of their falsity and with actual malice.

48. Ultimately, and on August 5, 2019, Hector Hernandez and Charles Termini voluntarily dismissed Plaintiff from their lawsuit.

49. However, as the proximate result of the false and defamatory statements, Plaintiff had already suffered harm, including damage to his personal and professional reputation and the inability to find employment.

WHEREFORE, Plaintiff, JOSEPH ALESIA, respectfully requests that this Court enter judgment in his favor and against Defendants, and order the following affirmative and other relief: (1) pay damages to Plaintiff for actual, general, special, exemplary and compensatory damages, including emotional distress, in excess of the

7

jurisdictional amount; (2) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (3) order such other relief as this Court deems just and proper.

### COUNT IV – INDEMNIFICATION
**(Defendant City of Chicago)**

50. Plaintiff incorporates by reference and restates herein by express reference all other paragraphs of this Complaint.

51. Public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

52. Defendants were employees of Defendant CITY OF CHICAGO at the time they committed the aforementioned acts and violations against Plaintiff and acted within the scope of their employment in committing the aforementioned misconduct.

WHEREFORE, Plaintiff, JOSEPH ALESIA, respectfully requests that this Court enter judgment in his favor and against Defendants, and order the following affirmative and other relief: (1) pay Plaintiff compensatory damages, sustained as a result of the violations, in excess of the jurisdictional amount; (2) pay the costs of litigating this action, expert witness fees, and reasonable attorneys' fees; and (3) order such other relief as this Court deems just and proper.

Dated: November 17, 2019

      /s   Antonio L. Jeffrey_____
      Attorney for Plaintiff

JEFFREY LAW OFFICE, LLC
Antonio L. Jeffrey
22 W. Washington St., #1500
Chicago, Illinois 60602
(312) 583-7072
(312) 583-0888 (fax)
service@jeffreylawoffice.com
ARDC #6308345